DEL PILAR, DEMANDANTE Y APELANTE, *v.* VÉLEZ, DEMANDADO, Y CARDONA, INTERVENTOR Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un caso sobre cobro de pesos.

No. 1004.—Resuelto en diciembre 2, 1913.

SOCIEDADES MERCANTILES—PERSONALIDAD DE LOS SOCIOS—CRÉDITOS DE LA SOCIE-
DAD.—Un socio de una sociedad mercantil no tiene personalidad para cobrar en su nombre propio, para sí mismo, como individuo particular, un crédito de la sociedad de la cual es socio.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Luis Mercader.*

Abogados del interventor: *Sres. Reichard y Reichard.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Eduardo del Pilar presentó demanda en la Corte de Distrito de Aguadilla contra Pedro Vélez Acevedo, en cobro de 600 pesos procedentes de provisiones que el demandante vendiera al demandado en su establecimiento mercantil. El demandado fué emplazado debidamente y como no contestara dentro del tiempo que se le concedió al efecto, se anotó su rebeldía a instancia del demandante.

José Cardona Piquet solicitó que se le permitiera intervenir en el pleito acompañando una demanda en la cual alegaba que el demandado Vélez le debía la suma de $516.66; que

para el cobro de dicha suma había entablado demanda y re-
embargado los bienes del demandado Vélez ya embargados
por el demandante del Pilar; que el demandante del Pilar
no ejercía el comercio en nombre propio; que el demandado
Vélez sólo debía la suma de $200 no al demandante personal-
mente sino a la mercantil de que formaba parte el deman-
dante y que giraba bajo la razón de ''E. del Pilar & Her-
mano,'' y que la demanda de del Pilar contra Vélez era el
resultado de una confabulación para defraudar al interven-
tor Cardona Piquet.

La corte permitió que se radicara la demanda de inter-
vención. El demandado Vélez no la contestó y se anotó tam-
bién su rebeldía a instancia del interventor. El demandante
del Pilar opuso a la demanda de intervención las excepcio-
nes de existencia de otra acción pendiente entre las mismas
partes y por la misma causa y de falta de hechos suficientes
para determinar una causa de acción. Las excepciones fue-
ron desestimadas por la corte, por resolución de 9 de abril
de 1913, y el demandante entonces contestó la demanda de
intervención negando que el interventor Cardona fuera acree-
dor del demandado Vélez; aceptando que Cardona había
demandado a Vélez en cobro de $516.66; que había reembar-
gado los mismos bienes embargados por el demandante del
Pilar y que el demandante del Pilar no ejercía el comercio
a nombre propio, pero que era en realidad el director y casi
absoluto dueño de la mercantil E. del Pilar & Hermano y
que entabló la demanda con el consentimiento de su socio
y hermano, y negando la existencia de la confabulación entre
el demandante del Pilar y el demandado Vélez para defrau-
dar al interventor Cardona.

Señalado día para la vista comparecieron el demandante
del Pilar y el interventor Cardona y por orden de la corte,
el demandante del Pilar presentó primero su prueba y luego
presentó la suya el interventor Cardona. Declarado el juicio
concluso para sentencia, ésta se dictó por la corte el 1 de mayo
de 1913 y se registró en igual fecha, declarando ''sin lugar

la demanda y que el demandado Pedro Vélez Acevedo vaya libre de toda responsabilidad por el concepto por el cual ha sido demandado. Se declara asimismo sin lugar la demanda de intervención opuesta a las pretensiones del demandante por no haberse justificado ninguna de las alegaciones esenciales consignadas en la misma, y en su consecuencia que demandante y demandado queden libres de toda responsabilidad por el concepto en que fueron demandados por el interventor sin hacerse especial condenación de, costas. · Se ordena además que la cantidad depositada en secretaría como producto del precio de la venta· en pública subasta de' los bienes fungibles que fueron objeto de embargo y del remate, queden a la libre disposición de su legítimo dueño, dejándose también sin efecto el embargo trabado en los demás bienes del demandado.''

El interventor cuya demanda fué finalmente desestimada como hemos visto, se conformó al parecer con la sentencia. El demandante del Pilar interpuso contra ella el presente recurso de apelación.

En su alegato la parte apelante promueve y argumenta con habilidad varias cuestiones relativas a la improcedencia de la demanda de intervención, al procedimiento seguido y a la práctica de las pruebas. A nuestro juicio no es necesario entrar en la consideración y resolución de esas cuestiones; ya que la demanda de intervención fué desestimada finalmente y la sentencia apelada en cuanto al demandante Eduardo del Pilar, se sostiene por el motivo fundamental en que claramente la basó el Juez de Distrito de Aguadilla.

Prescindiendo en absoluto de los procedimientos que tuvieron lugar con motivo de la intervención de Cardona Piquet y limitándonos a la demanda y a la prueba aportada por el mismo demandante, resulta: que la demanda fué interpuesta por Eduardo del Pilar contra Pedro Vélez Acevedo y que la prueba demuestra que Pedro Vélez Acevedo nada debía a Eduardo del Pilar, sino· a la mercantil Eduardo del Pilar & Hermano. Véanse las declaraciones obrantes a los folios

27, 28, 29 y 30 de la transcripción. La prueba no sostuvo, pues, la demanda y ésta fué propiamente declarada sin lugar, absolviendo la corte al demandado de toda responsabilidad *por el concepto por el cual había sido demandado.*

Eduardo del Pilar como individuo, y la mercantil Eduardo del Pilar & Hermano de la cual es socio Eduardo del Pilar, son dos personas distintas. Eduardo del Pilar no tenía personalidad para cobrar en su propio nombre, como individuo particular, un crédito de la sociedad de la cual era socio. La sociedad tenía reconocida por la ley su personalidad y era la única que podía cobrar el crédito a no ser que se hubiera desprendido de él válidamente transfiriendo sus derechos a otra persona, hecho que no ocurrió en el presente caso.

En tal virtud, debe declararse sin lugar el recurso y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.